## FRANCIS W. BIGELOW *vs.* JOSEPH W. MAYNARD.

If two arbitrators, named by the parties to a submission, are authorized, in case they shall not agree, to "select a third man to act as a third referee," such referee may be appointed before the arbitrators proceed.

Where it was referred to arbitrators to determine to what extent a building contract had been performed by one of the parties, and what deduction should be made in favor of the other, and what balance should be due to the former: an award, that a balance of a certain sum was due, was held to be sufficient, without specifying what deduction should be made from the sum named in the contract.

The testimony of arbitrators is not admissible to impeach their award.

Where a submission to arbitration was entered into by mutual bonds between N. and M., the condition of one of which was, that N. should discharge and release M. from all liability, on payment to him of the sum awarded, " after discharging all trustee processes now or then pending by said N., so that said M. shall be free to pay said sum ; " and the condition of the other was, that M. should pay the sum awarded to N., " provided all trustee processes now or then pending are first arranged, by said N., so as to relieve said M ; " it was held, in an action of debt on an award under this submission, by the assignee in insolvency of N., against M., that the payment to the defendant of his costs in certain trustee processes, which were

27 *

Bigelow *v.* Maynard.

pending at the time of the submission, and in which he had been discharged as trustee by the insolvency of N., was not a condition precedent to his obligation to perform the award.

THIS was an action of debt on an award brought by the plaintiff, as the assignee of James H. Norcross, an insolvent debtor, to recover the amount due by the award to the estate of the insolvent. The defendant pleaded the general issue, and specified in defence the illegality of the award, by reason of irregular and improper conduct of the arbitrators in making the same.

It appeared in evidence on the trial, before *Metcalf*, J., that on the 13th of November, 1846, the parties, having agreed to submit a matter in dispute between them to arbitration, entered into mutual bonds of submission for that purpose. The subject of the arbitration is set forth in the recital of the conditions of the bonds. The condition of the bond from the defendant to the plaintiff's insolvent was as follows : —

" The condition of this obligation is such, that whereas the said Norcross has taken a building contract of said Maynard, to build a house in Newton according to plans and specifications made by J. C. Bugbee, said contract being dated the 16th of July last; and whereas said Norcross has not proceeded and completed the said building according to said contract, and the said Maynard claims a deduction from the sum named in said contract, as the pay agreed upon ; and whereas the said Maynard and Norcross have mutually agreed to refer it to S. F. Dowse and Orrin Whipple, to say what deduction shall be made in favor of said Maynard, and what balance shall be due ; and in case said Dowse and Whipple shall not agree, it is understood, that they shall select a third man to act as a third referee ; and the majority to decide ; and it is also agreed between the parties, said Maynard and Norcross, that the decision of said referees shall be final : Now, therefore, if the said Maynard shall well and truly pay said Norcross the sum awarded, if any, equitably due on said contract as aforesaid, when the award is made, then this obligation shall be void, otherwise to be in

full force and effect; provided all trustee processes, now o. then pending, are first arranged by said Norcross, so as to relieve said Maynard."

The recital in the condition of the bond from the insolvent to the defendant was in the same terms. The statement of the condition was as follows: —

" Now, therefore, if said Norcross shall well and truly abide by said reference and award, and shall discharge said Maynard from all liabilities to him whatever, and give him a discharge in writing from his contract and a release in full, on payment of said sum awarded to said Norcross, after discharging all trustee processes now or then pending by said Norcross, so that said Maynard shall be free to pay said sum, then this obligation shall be void."

The award, which was signed by the arbitrators named by the parties, and also by a third arbitrator selected by those named, was as follows: —

" We, the undersigned referees in the case between Joseph W. Maynard and James H. Norcross, of Newton, after having examined the house, and hearing and seeing all within our reach relative to the case, also examining the account, hereby decide that a balance of three hundred and twenty-two dollars and four cents is due said Norcross."

It was in evidence, that Dowse and Whipple, the arbitrators named in the bonds of submission, came together for the purpose of examining the dwelling-house mentioned therein, and that after some discussion relative to the same, but before they had gone over the whole of the house, they concluded to choose some third person to act with them, and did accordingly appoint one Horn for that purpose. This appointment was agreed upon and made before the arbitrators knew whether they could agree. The defendant objected, that the arbitrators exceeded their authority in the appointment of an umpire before they had proceeded to examine the case.

It was also in evidence, that the defendant had been summoned as the trustee of the plaintiff's insolvent in five actions, which were commenced more than six months prior to the

insolvency, and were entered in the court of common pleas, that the defendant appeared and filed general answers in such actions; and that further proceedings took place in the court of common pleas with reference to the same.

It further appeared in evidence, that subsequently to the insolvency of Norcross, and the assignment to the plaintiff, the defendant was defaulted and adjudged trustee in one of the actions above mentioned, and that an execution was issued on the judgment, by virtue of which, a demand had been made by an officer on the defendant, as trustee.

It appeared, also, that before this action was brought, the plaintiff exhibited to the defendant the assignment in insolvency, and demanded of him the money due on the award; and that the defendant thereupon admitted the award to be right, but objected to paying the amount due thereon or any part of the same, unless the plaintiff would allow and deduct therefrom all the costs to which he was entitled in the suits above mentioned, in which he was summoned as the trustee of the insolvent; which the plaintiff refused to do.

The defendant also called as witnesses the three arbitrators, and examined them as to their proceedings, and the grounds on which they made their award. The plaintiff objected, but his objection was overruled, and the testimony admitted by the court.

The defendant contended, that by the terms of the bond of submission from the defendant to the insolvent, the award was not to become binding upon him, or to be paid, until he was discharged from all liabilities to the insolvent, and until the insolvent had discharged the defendant, in writing, from his contract, and had also arranged all trustee processes against the defendant; all which stipulations, the defendant contended, were conditions precedent, to be performed by the insolvent or the assignee, before this action could be main tained.

Upon the facts and testimony above stated, the opinion of the presiding judge was, that there was no question for the jury, and he instructed them that the plaintiff was entitled to a verdict, which the jury returned accordingly, for the amount

of the award; which verdict is to be set aside and a nonsuit entered, if the testimony of the arbitrators was rightly admitted, and if, upon that testimony, or for any other reason, the award was invalid; otherwise judgment is to be rendered on the verdict.

*D. H. Mason*, for the defendant.

*F. W. Bigelow*, for himself.

METCALF, J. The court are of opinion that the plaintiff is entitled to judgment on his verdict.

1. It was objected at the trial, though not urged at the argument, that the arbitrators exceeded their authority by choosing an umpire before they proceeded to examine the case. Assuming that such was the fact, it is clear that the objection is of no avail. Kyd on Awards, (2d ed.) 87; Watson on Arb. 58; *Bates* v. *Cooke*, 9 Barn. & Cres. 407; *Van Cortlandt* v. *Underhill*, 17 Johns. 405.

2. It is now objected, that the award is void, because the arbitrators have not therein said, as required by the submission, what deduction should be made from the sum which, by the terms of the building contract, the defendant had engaged to pay to Norcross for completing the building; and *Houston* v. *Pollard*, 9 Met. 164, is relied on to sustain this objection. But the decision in that case is not applicable, because the arbitrators, in the present case, by finding the balance which was due to Norcross, have also necessarily found what deduction should be made from the sum named in the building contract. The sum found due to Norcross, as a balance, shows the amount of such deduction as clearly as if the arbitrators had expressly stated the sum which they deducted.

3. The testimony of the two arbitrators who were called by the defendant, so far as it tended to impeach the award, was inadmissible. *Withington* v. *Warren*, 10 Met. 431. And it was treated as of no legal effect, in the instructions given to the jury.

4. Upon examining the conditions of the two arbitration bonds, the court are of opinion that the payment to the defendant of his costs in the trustee processes is not a

condition precedent to his obligation to perform the award. The purpose of the parties seems to have been nothing more, than to fix the amount which the defendant should pay, and to secure him against a double liability therefor; namely, one on the award, and another on the trustee processes. But his liability on the latter was ended by the assignment of Norcross's estate, under the insolvent law, whereby the attachments under those processes, as well as other attachments of the insolvent's property, were dissolved. Whether the defendant has any remedy for the costs to which he would have been entitled, if the estate of Norcross had not been assigned, we have no occasion to decide. We merely decide that he has not a remedy by way of defence to the present action. He did not file any claim to these costs, in set-off, but he proceeded to trial, insisting, as he did when performance of the award was demanded *in pais*, that allowance of those costs was a condition precedent to his obligation to pay the sum awarded by the arbitrators. In this he mistook. *Judgment on the verdict.*